UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALIFORNIA BANK & TRUST, as assignee of the Federal Deposit Insurance Corporation, as receiver for Vineyard Bank, a California banking corporation,<br><br>　　　　Plaintiff,<br><br>　-vs-<br><br>SHILO INN, MOSES LAKE, INC., a Washington corporation; MOSES LAKE FOOD MART, INC., a Washington corporation; and KOHLI INVESTMENT, INC., d/b/a Sunval Express, a Washington corporation,<br><br>　　　　Defendants. | NO.  CV-12-0161-LRS<br><br>**ORDER RE PENDING MOTIONS** |

**BEFORE THE COURT** is Plaintiff California Bank & Trust's ("CB&T") Motion for Partial Summary Judgment for Judicial Foreclosure (ECF No. 92), filed November 14, 2014; CB&T's Motion for Summary Judgment on Counterclaims (ECF No. 98), filed November 14, 2014; Defendant Shilo Inn, Moses Lake, Inc.'s ("Shilo") Motion For Leave to File Supplemental Brief in Support of Opposition to Plaintiff's Summary Judgment Motions (ECF No. 132); and Defendant Shilo's Motion to Extend Expert Report Deadline (ECF

ORDER - 1

No. 108). The Court held a telephonic oral argument on January 7, 2015. At the close of oral argument, the Court took the motions under advisement and set a further briefing for Plaintiff only to respond to Defendant Shilo Inn's late filed supplemental brief. All briefing is now in and has been considered by the Court.

**I.    CB&T's Motion for Partial Summary Judgment** (ECF No. 92)

    **A.    Introduction**

CB&T has moved for partial summary judgment on its third cause of action for judicial foreclosure of CB&T's liens and security interests against Shilo and Kohli Investment, Inc. (collectively "Defendants" or "Shilo"), and for a judgment for the deficiency against Shilo after completion of the foreclosure sale. CB&T asserts that this case is based on undisputed facts, namely, that Shilo is obligated to CB&T on a loan made in October 2005 (the "Loan"). The Loan is secured by, among other things, a leasehold deed of trust against nonresidential real property located in Moses Lake, Washington (the "Hotel") and a UCC Financing Statement. Shilo has failed to meet its obligations to CB&T and is in default under the Loan Documents. CB&T has obtained relief from the automatic stay to pursue this action to judgment, and may proceed to sale since Shilo failed to confirm a plan of reorganization in the California Bankruptcy matter by November 6, 2014. Pursuant to applicable federal rules, foreclosure laws, and the terms of the deed of trust, CB&T seeks an order granting partial summary judgment for judicial foreclosure for real and personal property, and for judgment in the amount of the

deficiency after a sale.  CB&T concludes judicial foreclosure is the requested and appropriate relief under the undisputed facts of this case.

**B.   Undisputed Facts[1]**

**1.   Subject Loan Transactions**

On or about October 18, 2005, Vineyard provided financing to Shilo in the original principal amount of $3,000,000, the Loan. The Loan is evidenced, in part, by the several documents (collectively with the First Amendment and Second Amendment, the "Loan Documents").[2] CB&T acquired the Loan in or about September 2009, by agreement with the FDIC, as receiver for Vineyard. An Assignment of Deed of Trust was recorded March 20, 2012 in the official records of Grant County as instrument number 1297979.

Shilo defaulted on the Note and Deed of Trust in or about September 2009 by failing to make the monthly payments due under the Loan Documents. In November 2010, Shilo and CB&T entered into a First Amendment to Deed of Trust, Promissory Note, and Other Loan Documents, dated November 4, 2010, which was recorded November 17, 2010, in the

---

[1] The following undisputed facts are gleaned from the Declaration of Eric Venture, ECF No. 144, filed on January 9, 2015.

[2] 1) A Promissory Note, dated October 18, 2005, executed by Shilo, payable to Vineyard, in the original principal amount of $3,000,000, as amended from time to time (the "Note"); 2) a Deed of Trust for the Hotel, dated October 18, 2005, made by Shilo for the benefit of Vineyard, recorded on November 1, 2005, in the Official Records of Grant County, Washington, as instrument number 1179692 ("Deed of Trust"); 3) a Business Loan Agreement, dated October 18, 2005, made and executed between Shilo and Vineyard, as amended from time to time; and 4)a Commercial Security Agreement, dated October 18, 2005, made and executed between Shilo and Vineyard, as amended from time to time.

ORDER - 3

Official Records of Grant County, Washington, as instrument number 1278966 ("First Amendment"). Under the terms of the First Amendment, the Loan was cross-defaulted with six loans made to the other Shilo Borrowers (collectively, the Shilo Loans") and a personal line of credit previously made to Mark Hemstreet ("Hemstreet Loan"). Shilo also agreed to grant CB&T a security interest in the Property to secure the Hemstreet Loan. Each of the other Shilo Borrowers and Hemstreet entered into a separate first amendment of their respective loan on terms similar to those set forth in the First Amendment (collectively, the "First Amendments").

Shilo defaulted under the First Amendment by failing to make the monthly payments due beginning on December 1, 2010. In addition, Shilo failed to execute a second priority deed of trust to secure the Hemstreet Loan as required by the First Amendment.

In June 2011, Shilo and CB&T executed the Forbearance and Second Amendment to Deed of Trust and Other Loan Documents (dated as of June 30, 2011), which was recorded on August 25, 2011 through the Memorandum of Forbearance Agreement and Second Amendment to Deed of Trust, Promissory Note and Other Loan Documents in the Official Records, Grant County, Washington as instrument number 1290148 ("Second Amendment"). Each of the other Shilo Borrowers and Hemstreet also entered into a second amendment of their respective loan on terms similar to those set forth in the Second Amendment (collectively, the "Second Amendments").

By late 2011, Shilo was again in default on the Second Amendment. The defaults under the Second Amendment included the following: a)

ORDER - 4

failure to pay the monthly interest only payments on the Loan due beginning November 1, 2011; b) failure of the other Shilo Borrowers and Hemstreet to pay monthly interest payments on their respective loans; c) failure to deliver Monthly Sales Reports; d) failure to satisfy the Post Closing Obligations required by Section 2(c) of the Second Amendment; and e) failure to comply with the provisions of Section 2(d)(ii)(A) requiring the entry of at least two Purchase Agreements by September 30, 2011.

On or about November 10, 2011, CB&T, through its counsel, sent a letter to Shilo providing notice of the above-referenced defaults. Shilo failed to cure both the monetary and non-monetary defaults. Additional defaults under the Loan occurred when the Shilo Borrowers failed to comply with Section 2(d)(ii)(B) requiring the Shilo Borrowers to have entered into purchase agreements for four properties, and Section 2(d)(iv)(A) requiring the closing of at least two sales by December 31, 2011.

On March 30, 2012, CB&T commenced this action seeking judicial foreclosure, appointment of a receiver, and the accounting and turnover of receipts. In its first verified Amended Complaint filed April 6, 2012, CB&T sought the appointment of a receiver and imposition of an injunction to enforce the provisions of the Deed of Trust as amended and modified and to preserve revenues arising therefrom. The injunctive relief sought asked that Shilo and all persons acting in concert be enjoined from collecting, discounting, or in any way taking actions which would divert funds or interfere with the rights and duties of the

ORDER - 5

receiver which CB&T requested in its Amended Complaint. Additional relief was asked in the form of an accounting and turnover of receipts together with judicial foreclosure of CB&T's lien and security interests as well as a judgment for deficiencies, attorney fees and costs. As the borrower's financial position continued to deteriorate, Shilo became part of the bankruptcy proceeding referenced above which resulted in the imposition of a stay in this Court on November 19, 2012. The stay remained in place until approximately mid August of 2014 as a result of the California bankruptcy proceedings.

On June 7, 2012 this Court, by Stipulation of the parties, ordered that CB&T provide "accurate reinstatement figures" to Shilo by June 14, 2012. The Court also ordered that Shilo make full payment of the amount provided by June 28, 2012, otherwise a receiver would be immediately appointed. ECF No. 34. This Court's order specifically adopted the findings of fact and conclusions of law in the cases consolidated under California Bank & Trust Shilo Inn, Seaside East, LLC, et al., Case No. 3:12-CV-00506-HZ (the "Oregon District Court Cases"). On or about June 28, 2012, Shilo made the payment to CB&T, with the exception of outstanding attorneys' fees and expenses, thereby avoiding the appointment of a receiver in this case.

Shilo, though, did not cure the non-monetary defaults under the Moses Lake Loan and neither the Shilo Borrowers nor Hemstreet cured the monetary defaults under the Hemstreet Loan.

On June 15, 2012, CB&T sent letters reminding the Shilo Borrowers

ORDER - 6

and Hemstreet that additional defaults would occur if they did not satisfy the monetary and non-monetary obligations in the Second Amendments by the expiration of the forbearance period on June 30, 2012. At the same time, CB&T proposed that Hemstreet enter into a stipulation with CB&T similar to the payment orders entered by the District Courts whereby Hemstreet would pay the outstanding amounts owed on the Hemstreet Loan, with the exception of outstanding attorneys' fees and expenses. The forbearance period provided for under the Second Amendments expired on June 30, 2012, at which time the additional defaults occurred, including executed purchase agreements for five properties, Section 2(d)(iv)(B) and (C) requiring the Shilo Borrowers to have closed all five sales, and Section 2(d)(v) requiring the proceeds of the sales to be applied to the amounts due.

After Shilo failed to cure the defaults by the expiration of the Forbearance Period, CB&T exercised its rights to accelerate the balance owed on the Loan. Prior to acceleration, the Loan was set to mature on December 31, 2013.

On July 10, 2012, CB&T, through its counsel, sent another letter to the Shilo Borrowers and Hemstreet notifying them of the existing defaults on the Loan, the other Shilo Loans and the Hemstreet Loan. On October 10, 2012, CB&T filed its Supplemental Verified Complaint and Supplemental First Amended Verified Complaint to assert the additional defaults.

On or about January 28, 2013, the Shilo Borrowers, Hemstreet and CB&T entered into a Settlement and Release Agreement ("Settlement

ORDER - 7

Agreement"). Under the Settlement Agreement, the Shilo Borrowers and Hemstreet were to make a payment of $21,000,000 by April 30, 2013. The Shilo Borrowers and Hemstreet failed to make the settlement payment. As part of the Settlement Agreement, which was CB&T's third and last attempt to work out Shilo's defaults under the Loan, CB&T agreed to forbear from foreclosing on its deed of trust and to accept a discounted payoff of the Loan if Shilo made the discounted payoff on or before April 30, 2013, the Loan Payoff Date. The release of claims against CB&T set forth in the Settlement Agreement was a significant part of the consideration for CB&T's willingness to enter into the Settlement Agreement.

On May 2, 2013, Shilo filed a Notice of Automatic Stay under 11 U.S.C. § 362 based on the filed chapter 11 petition in the United States Bankruptcy Court on May 1, 2013 (the "Bankruptcy Case").[3] Since the bankruptcy filing, Shilo has made Court-ordered monthly adequate protection payments to CB&T equal to approximately 5% per annum of the principal balance due.  However, Shilo has failed to cure the various non-monetary and monetary defaults described above. After acceleration of the Loan, Shilo failed to pay all amounts due and owing. Even if the Loan had not been accelerated, the Loan would be due and owing in full, as it would have matured by its own terms on December 31, 2013.

On May 17, 2013, this Court entered an Order staying all activity in this case with a direction that counsel advise the Court at such time

---

[3]The Bankruptcy Case is being administered under case number 2:13-bk-21601-VZ.

ORDER - 8

as the stay is lifted.

On August 11, 2014 this Court lifted the stay based on the parties' Stipulation, whereby Shilo expressly waived any right to a hearing concerning the lifting of the stay. ECF Nos. 70, 71. This Court further ordered the parties to proceed to address the issues relating to foreclosure as permitted by the Bankruptcy Court Order[4] entered on May 21, 2014 in the United States Bankruptcy Court, Central District of California-Los Angeles Division.

CB&T has performed all conditions and obligations on its part under the Loan Documents, including the First Amendment and Second Amendment.

**2.    Moses Lake Indebtedness** (Based on the Ventura[5] Declaration)

As of October 1, 2014, the amount owing on the Loan is $3,677,304.11 ("Moses Lake Indebtedness"), which consists of principal in the amount of $2,834,599.49, interest in the amount of $126,375.92, deferred interest at the contract rate in the amount of $245,171.68, default interest in the amount of $123,620.12 (to May 1, 2013), deferred legal fees in the amount of $27,246.50, deferred late charges in the amount of $3,562.93, attorneys' fees in the amount of $230,507.22 and other

---

[4] ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY), signed by the Honorable Vincent P. Zurzolo. The Order allowed CB&T to enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, so long as the sale did not take place prior to November 7, 2014 and so long as an order confirming a plan of reorganization for Shilo had not been entered by November 6, 2014.

[5] Eric Ventura is a Vice-President of CB&T with access to all bank records pertaining to the subject loans. ECF No. 144 at 1.

ORDER - 9

expenses in the amount of $86,220.25. Interest will continue to accrue at the rate of $393.69 per day. The details of the Moses Lake Indebtedness is attached to the Ventura Declaration. ECF No. 94-13. CB&T intends to move for a deficiency judgment in an amount to be established <u>after</u> completion of the requested foreclosure sale.

**II.  Shilo's Opposition to CB&T's Motion for Partial Summary Judgment**

On December 26, 2014, in a belated filing near the eve of the day of argument on CB&T's Motion For Partial Summary Judgment, Shilo filed supplemental briefing raising for the first time claims that its loan had been "reinstated" by virtue of Shilo's having paid in excess of $1,400,000.00 towards the debt obligations it owed. Shilo had also filed counterclaims against CB&T on November 7, 2014 essentially complaining that Shilo had become the victim of an overzealous bank which had not acted in good faith or in accord with binding California law and practice.

Shilo maintains that there exist provisions under California law for the protection of the borrower, such as the right to reinstate a loan secured by real property pursuant to California Civil Code § 2924c. While acknowledging numerous ongoing and continuing defaults under its loan obligations, Shilo argues that on June 14, 2012, CB&T's legal counsel sent an e-mail to Shilo Inn's counsel with an attachment: "TOTAL AMOUNT TO REINSTATE $256,230.79." Shilo asserts that when it paid the requisite amount, the entire loan that was due and owing (at least insofar as it involves the litigation pending in this Court) was

ORDER - 10

reinstated by operation of law.

Shilo further argues that California law precludes waiver of certain rights which cannot be lost or given up by the signing of a forbearance agreement. The right to foreclose and the terms of the forbearance agreement, together with amendments thereto, did not properly modify the Deed of Trust provisions which are to be construed under California law.

Shilo further contends that with respect to the post default actions of Shilo, CB&T did not give Shilo an opportunity to cure with respect to the alleged non-monetary defaults thereby making prior notices of its default ineffectual. Shilo also reasons that no borrower would have made a payment in excess of $1,400,000.00 if it did not intend to have its loan reinstated, subject to the agreements it had previously entered into with CB&T.

Finally, Shilo asks for equitable considerations under California state law to "do right and justice," and grant Shilo a short stay pending the proceedings in the Bankruptcy Court. Specifically, Shilo requests a stay in this matter until after the Bankruptcy Court's newly scheduled March 10, 2014 hearing on the final confirmation of the proposed Plan of Reorganization.

**III. CB&T's Reply**

CB&T takes the position that Shilo' payment of more than $1.4 million to CB&T did not actually reinstate the loans, it merely avoided the appointment of a receiver as no judge or court involved in this proceeding or related proceedings has ruled that such a reinstatement

ORDER - 11

alleged by Shilo ever occurred.

On May 11, 2012, the Honorable Marco A. Hernandez in the District of Oregon (Cause numbers 3:12-CV-506-HZ; 3:12-CV-508-HZ; and 3:12-CV-509-HZ) entered the following order:

> The Court finds plaintiff is entitled to an order appointing a receiver; however, plaintiff is ordered to provide defendant with a payoff number within seven days of today.  Defendant to pay in full within 14 days thereafter.  If the amount is not paid in full by the 21st day from today, the court will sign an order appointing a receiver.  If the amount is paid in full, the issue is moot.  The court makes findings as stated on the record.

Cause No. 3:12-cv-506-HZ, Dkt. No. 38.

On October 1, 2012, Judge Hernandez rejected the arguments Shilo now makes herein, in his Opinion & Order:

> Shilo Inn also argues that because it has tendered approximately $1.65 million to Plaintiff to "reinstate the loans pursuant to [CCP] Section 2924c and this Court's May 11 Order", Plaintiff is "estopped from declaring additional defaults based upon the non-monetary provisions in the Forbearance and Second Amendment." Id., p. 10. Specifically, Shilo Inn asserts that Plaintiff's supplemental allegations are barred by the doctrine of equitable estoppel because Plaintiff "was aware that as soon as Shilo Inn tendered the $1.65 million that it was the agreement and understanding of the parties that the loans would be reinstated pursuant to section 2924c" and that Shilo Inn "relied in good faith on [Plaintiff's] representations at the hearing and this Court's May 11 Ruling [sic] when it tendered in excess of $1.65 million dollars to [Plaintiff}." Id., p. 11.
>
> Shilo Inn's arguments again miss the mark. Stated above, my May 11, 2012, order only addressed the narrow issue of whether it would be proper to appoint a receiver based on the facts presented before me as of that date. I did not rule that Shilo

ORDER - 12

> Inn's payment to Plaintiff would reinstate Defendants' loans or otherwise cure all of Defendants' past and future monetary and non-monetary defaults. ....

ECF No. 97-2 at 7[footnote 3 omitted].

Roughly two years later, on December 18, 2014, the Honorable Judge Vincent P. Zurzolow in the Bankruptcy Court in California recognized that Shilo ran out of time curing the continuing defaults, and lifted the stay to allow CB&T the remedy of foreclosure:

> As is clear from the record, there was a motion for relief from that automatic stay brought by the respondent herein. I granted that relief from stay setting a time deadline by which a plan would need to be confirmed and also imposing payment of adequate protection payments so that the stay would remain in effect.
>
> And it was a generous amount of time. And payments were made. Substantial payments have been made, that's not in dispute.
>
> But time ran out. And these debtors in possession have tried multiple times. I believe we're now on at least the fourth iteration of a disclosure statement to get a disclosure statement approved, let alone a plan confirmed.
>
> So that was all contemplated in the initial relief from stay motion, and that was why I structured the relief from stay order as I did.
>
> So there are really two procedural ways to view this request. Again, I note that it's to reimpose the automatic stay.

ECF No. 135-1 at 7.

Judge Zurzolow in his later comments the same day specifically noted that, "to the extent that there is some independent grounds at Section 362 to impose the stay, I find that cause has not been established for

ORDER - 13

such relief either."  ECF No. 135-1 at 9.

CB&T concludes that the entire purpose of lifting the stay in the Bankruptcy Court was to recognize Shilo's failure to make the payments and cure the defaults, which were numerous and significant throughout the time period that the forbearance agreement was in effect.

**IV. Judicial Foreclosure is Appropriate**

For the reasons set forth in the briefing filed by CB&T, the California Code Provisions referenced by Shilo neither apply nor require the additional notice or preclusion of waiver of reinstatement of rights. This Court finds the arguments of Shilo to be without merit and insufficient to raise a question of fact or law which requires trial. The subject loan fully matured on December 31, 2013 and it remains unpaid. Nothing raised in Shilo's counterclaims is a "defense" to the fact that amounts are due and owing.  For the reasons noted above, the Court also finds Shilo's belated contention lacking merit regarding its partial payment of the June 2012 "reinstatement" amount constituting a complete cure of all loan defaults.

Accordingly, judgment of foreclosure is hereby granted in favor of CB&T.  Likewise, Shilo's counterclaims are unsupported with factual evidence, are without merit, and are hereby dismissed with prejudice. Finally, Shilo's request for a short stay is respectfully denied.

**IT IS ORDERED:**

1.   Plaintiff's Motion FOR Partial Summary Judgment for Judicial Foreclosure, **ECF No. 46**, is **GRANTED** in its entirety.

ORDER - 14

2. CB&T is entitled to foreclose its liens against the real and personal property, including rents and leasehold interests (the "Property") more specifically described in the attached Exhibit A.

3. CB&T is entitled to the issuance of writs of execution directing the U.S. Marshal to levy on and sell the Property.

4. To the extent that the U.S. Marshal collects money from the sale(s) of the Property and deposits those funds into the registry of the Court, those funds shall be allocated to the payment of the total Judgment in the action.

5. All right, title, claim, or interest of the or any of them, and all of the persons claiming by, through, or under them, or any of them, subsequent to the execution of the Deed of Trust for the above-described Property, or any part thereof, are declared inferior and subordinate to CB&T's leasehold deed of trust lien and be forever foreclosed except only for the statutory right of redemption allowed by law.

6. Defendants Shilo Inn, Moses Lake, Inc. and Kholi Investment, Inc. d/b/a Sunval Express, claiming right, title, estate, lien, or interest in and to the Property, or any part thereof, and any and all persons claiming any right, title, estate, lien, or interest in and to the Property, or any part thereof, subsequent to the date of CB&T's Deed of Trust are forever foreclosed of any such right, title, estate, lien, or other interest as against CB&T in this action.

7. CB&T is entitled to become a credit bidder and purchaser at any sale(s) by the U.S. Marshal or other authorized official.

ORDER - 15

8. Any purchaser at the sale(s) is entitled to exclusive possession of the Property from and after the date of sale(s) and is entitled to such remedies as are available at law to secure possession.

9. CB&T is entitled to its reasonable attorneys' fees and expenses, in an amount to be proven at a later date.

10. CB&T is entitled to a deficiency judgment against Shilo Inn, Moses Lake, Inc. in an amount to be established after completion of the foreclosure sale(s).

11. CB&T's Motion for Summary Judgment on Counterclaims, **ECF No. 98**, filed November 14, 2014, is **GRANTED** insofar as Defendant Shilo filed no opposition and based on the resultant judicial foreclosure, said motion is otherwise moot.

12. Defendant Shilo's Motion For Leave to File Supplemental Brief in Support of Opposition to Plaintiff's Summary Judgment Motions, **ECF No. 132**, is **GRANTED.**

13. Defendant Shilo's Motion to Extend Expert Report Deadline, **ECF No. 108**, is **DENIED as MOOT.**

The District Court Executive is directed forthwith to enter this Order, and judgment consistent with this order of judicial foreclosure.

**DATED** this 22nd day of January, 2015.

*s/Lonny R. Suko*

LONNY R. SUKO
SR. UNITED STATES DISTRICT JUDGE

ORDER - 16